UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMON HANNA,<br><br>                              Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE (IRS), and DOES 1 through 10, inclusive,<br><br>                             Defendants. | Case No.: 3:24-cv-00515-RBM-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) DISMISSING COMPLAINT ON SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**[Doc. 2]** |

On March 18, 2024, Plaintiff Rimon Hannah ("Plaintiff") brought this action against the Internal Revenue Service ("IRS") and Does 1 through 10 by filing a complaint ("Complaint"). (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion") pursuant to 28 U.S.C. § 1915. (Doc. 2.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and Plaintiff's Complaint (Doc. 1) is **DISMISSED**.

///

## I. BACKGROUND

**A. Plaintiff's Complaint[1]**

At the beginning of his Complaint, Plaintiff explains he is seeking damages under Internal Revenue Code § 7433, which "authorizes the filing of a damages action against the government in federal district court when, in connection with the collection of a tax, any officer or employee of the IRS recklessly, intentionally, or negligently disregards any provision of the Internal Revenue Code or the related Treasury Regulations." (Doc. 1 at 1.)

Plaintiff's first and only cause of action is for a tax refund for the year 2017. (*Id.* ¶¶ 6–15.) Plaintiff explains he "filed TIMELY his Amended tax return and filed with the IRS his 1040X for the tax year of 2016, 2017 and 2018 which were mailed on April 17, 2021, and received by the IRS on April 20, 2021." (*Id.* ¶ 6.) Plaintiff "amended his returns to reflect his self-employment as an UBER driver, to include increase of earning and to claim self-employment expenses." (*Id.* ¶ 7.) The "IRS processed Plaintiff's 1040X for the tax year of 2016 and issued refund of $815.29." (*Id.* ¶ 8.) The "IRS processed Plaintiff's 1040X for the tax year of 2018 and issued refund of $2557.00." (*Id.* ¶ 9.) The "IRS processed Plaintiff's 1040X for the tax year of 2017, and should have issued refund of $1069.00." (*Id.* ¶ 10.) Instead, the IRS withheld "Plaintiff's refund for the tax year of 2016, and the tax year of 2018 and kept outstanding balance of $2,234.04 for the tax year of 2017." (*Id.* ¶ 11.)

"Plaintiff was forced to issue a payment to the IRS in the amount of $1539.00 to keep his account in good standing with the IRS and to avoid collection." (*Id.* ¶ 12.) "Plaintiff include[s] a print out of Account Transcript indicating all of the applied credits, interest which has been charged and also reduced/ removed credit of the amount of $1,931.00." (*Id.* ¶ 13.)

---

[1] The Court's summary of the Plaintiff's Complaint in this section does not reflect the factual or legal opinions of the Court.

Plaintiff spoke with a manager at his local IRS office who "revie[we]d the file that and determined[:] (a) 2017 amended return was filed timely, (b) all of the expenses and credits should have been allowed." (*Id.* ¶ 14.) The manager "contacted the supervisor of the IRS office in Fresno where the decision was made, Plaintiff was promised a correction to be made within couple of weeks, but until the day of filing this complaint, there is no correction was ever made." (*Id.*) On June 29, 2022, Plaintiff served the IRS a Notice to Sue, and the IRS responded in November 2022 rejecting and disallowing the Plaintiff to claim his expenses. (*Id.* ¶ 15.) In his damages and relief requested section of the Complaint, Plaintiff seeks release of $815.29 for tax year 2016, release of $1,069.00 for tax year 2017, release of $2,557.00 for tax year 2018, and the reverse of penalties and interest charged in his favor. (*Id.*, Damages and Relief Requested.) Plaintiff attaches Exhibits A–J in support of his Complaint. (*Id.* at 6–45.)

## II.   LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[2] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  F.Supp.2d 1115, 1119 (S.D. Cal. 2007).

### III.   DISCUSSION

#### A.   Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Plaintiff filed an IFP Motion in which he declares he is unable to pay the costs of these proceedings. (Doc. 2 at 1.) Plaintiff explains he is employed at Uber Technology. (*Id.*) However, Plaintiff also explains his driving license is currently suspended for a medical reason so he is disqualified from working at the moment. (*Id.*) Plaintiff's gross and take-home wages are $810.00 per month and he has no other income in the past 12 months. (*Id.*) Plaintiff has $700.00 in cash, a checking account, or a saving account, and owns a 2004 BMW 325I valued at $1,000. (*Id.* at 2.)

Plaintiff explains his current monthly rent is $2,170 and is overdue, and that he has other monthly expenses totaling $750. (*Id.*) Plaintiff has a wife and son depending on his support, but he did not explain how much he contributes to their support. (*See id.*) Plaintiff has debts or financial obligations in the amount of $800. (*Id.*) Plaintiff explains he makes

the minimum payment of $25 on these debts and will do so until he gets his driving license reinstated and returns to work.  (*Id.*)  Plaintiff also attaches a document titled Reporting Changes for Cash Aid and CalFresh from the California Department of Social Services explaining that, as of March 2024, his family (2 individuals) receives CalWORKS and CalFresh but does not specify the amount.  (*Id.* at 3.)

The Court determines Plaintiff's monthly income is $810 and his monthly expenses are at least $2,995.  Considering the information in application, the Court finds that Plaintiff has sufficiently shown an inability to pay the $405 filing fee pursuant to § 1915(a).  Thus, Plaintiff's IFP Motion is **<u>GRANTED</u>**.

      **B.**      **Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under § 1915(e)(2)(B).  *Lopez*, 203 F.3d at 1127.  Under that sub-provision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

      **1.  Failure to State a Claim**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While the Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were

not initially pled[,]" *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff appears to raise a claim for damages under 26 U.S.C. § 7433(a). That provision provides in part "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433(a). "Section 7433 creates a private right of action only for tax collection activity that violates some provision of the Revenue Code or the regulations promulgated thereunder." *Shwarz v. United States*, 234 F.3d 428, 433 (9th Cir. 2000). "In order to make out a claim under section 7433(a), a claimant must demonstrate that an employee of the IRS violated a specific section of the Internal Revenue Code or Treasury Regulations in collecting taxes from the claimant." *Kennar v. Kelly*, Civil No. 10cv2105-AJB(WVG), 2011 WL 2116997, at *7 (S.D. Cal. May 27, 2011) (citing *Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995)). "[A] taxpayer cannot seek damages under § 7433 for improper assessment of taxes." *Miller*, 66 F.3d at 223 (quoting *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994)).

Plaintiff's claim concerns the alleged improper collection and holding of taxes allegedly subject to refund. However, he fails to specify which provision of the Internal Revenue Code or regulations promulgated thereunder the Defendants allegedly disregarded and how they did so recklessly or intentionally, or by reason of negligence. *See* 26 U.S.C. § 7344(a); *Kenner v. Kelly*, Case No. 11-cv-1538 DMS (WVG), 2018 WL 1726440, at *4 (S.D. Cal. Apr. 10, 2018) (dismissing § 7433 claim where "Plaintiffs have failed to plead the IRS violated a statute or regulation as required under § 7433"); *Scharringhausen v. United States*, 686 F. Supp. 2d 1069, 1073 (S.D. Cal. 2009) ("To state a claim under § 7433, a plaintiff must allege that the IRS violated an Internal Revenue Code provision or a Treasury Regulations.") (citing *Shwarz*, 234 F.3d at 433–34).

6

Accordingly, the Court determines Plaintiff has not adequately stated a claim upon which relief can be granted.  Thus, the Court **DISMISSES** Plaintiff's Complaint.  (Doc. 1.)

### IV.   CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's IFP Motion (Doc. 2) but **DISMISSES** Plaintiff's Complaint (Doc. 1).   Given Plaintiff's pro se status, the Court will give Plaintiff an opportunity to amend his Complaint in accordance with the above.  Any first amended complaint must be filed on or before **October 11, 2024**.

**IT IS SO ORDERED.**

DATE:  September 20, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE