UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIMON HANNA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE (IRS), and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:24-cv-00515-RBM-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S REQUEST FOR EXTENSION TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT [Doc. 5]**<br><br>**(2) DISMISSING THE FIRST AMENDED COMPLAINT [Doc. 6]** |

Pending before the Court is Plaintiff Rimon Hanna's ("Plaintiff") Request for Extension to File Plaintiff's First Amended Complaint ("Motion"). (Doc. 5.) On January 9, 2025, without waiting for the Court's approval, Plaintiff filed a First Amended Complaint ("FAC"). (*See* Doc. 6.) For the reasons discussed below, Plaintiff's Motion (Doc. 5) is **GRANTED** and the FAC (Doc. 6) is **DISMISSED**.

### I.　BACKGROUND

**A.　Procedural Background**

On March 18, 2024, Plaintiff initiated this action against the Internal Revenue Service ("IRS") and Does 1 through 10 by filing a complaint ("Complaint"). (Doc. 1.) Along with his Complaint, Plaintiff filed a Motion for Leave to Proceed in Forma Pauperis ("IFP Motion") pursuant to 28 U.S.C. § 1915. (Doc. 2.)

On September 20, 2024, the Court granted Plaintiff's IFP Motion but dismissed the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) ("Dismissal Order"). (Doc. 3.) Given Plaintiff's *pro se* status, the Court granted Plaintiff an opportunity to file an amended complaint on or before October 11, 2024. (*Id*. at 7.[1])

On December 18, 2024, more than two months after the Court-ordered deadline, Plaintiff filed the instant Motion requesting the Court's approval to file his amended Complaint on or before January 10, 2025. (Doc. 5 at 1.) On January 9, 2025, Plaintiff filed the FAC without the Court's approval. (Doc. 6).

### B. Factual Background[2]

In the FAC, Plaintiff asserts a single cause of action under Internal Revenue Code ("IRC") § 7433, which "authorizes the filing of a damages action against the government in federal district court when, in connection with the collection of a tax, any officer or employee of the IRS recklessly, intentionally, or negligently disregards any provision of the [IRC] or the related Treasury Regulations." (FAC at 2.) Plaintiff claims that the IRS violated 26 U.S.C. §§ 161, 162, "26 USC Part VI," and the "Taxpayer Bill of Rights." (*Id.* at 1–3.) Plaintiff seeks the "release" of $815.29 for tax year 2016, $1,069.00 for tax year 2017, $2,557.00 for tax year 2018, and for this Court to "[r]everse any penalties and interest [that have] been charged" against him. (*Id.* at 4–5, Damages and Relief Requested.)

Plaintiff filed "with the IRS his 1040X for the tax year[s] of 2016, 2017[,] and 2018 which were mailed on April 17, [2020], and received by the IRS on April 20, [2020]."[3]

---

[1] The Court cites the paragraph numbers of the Complaint and the CM/ECF electronic pagination for other citations unless otherwise noted.

[2] The Court's summary of Plaintiff's FAC in this section does not reflect the factual or legal opinions of the Court.

[3] While Plaintiff alleges that he mailed his tax returns to the IRS on April 17, 2021, the attached exhibits show that he mailed them on April 17, 2020. (*See* FAC, Ex. A at 7; *id*., Ex. D at 15, 17; *id*. Ex. J at 42.) It appears to the Court, based on its review of the FAC and the corresponding exhibits, that April 17, 2021 appears to be the correct date.

1  (*Id.* ¶ 6.)  He "amended his returns to reflect his self-employment as an UBER driver, to
2  include [an] increase of earning[s,] and to claim self-employment expenses."  (*Id.* ¶ 7.)
3       The "IRS processed Plaintiff's 1040X for the tax year of 2016 and issued [a] refund
4  of $815.29."  (*Id.* ¶ 8)  The IRS also "processed Plaintiff's 1040X for the tax year of 2018
5  and issued [a] refund of $2557.00."  (*Id.*)  Finally, the IRS "processed Plaintiff's 1040X
6  for the tax year of 2017, and should have issued [a] refund of $1069.00."  (*Id.*)  Instead,
7  the IRS withheld "Plaintiff's refund for 2016[,] 2017, and 2018 and applied all of the
8  refunds to [a] (new) calculated balance by the IRS, resulting [in] an outstanding balance of
9  $2,234.04 for 2017, due to IRS disallowing Plaintiff's genuine deduction . . . ."  (*Id.* ¶ 9.)
10 "Plaintiff was forced to issue a payment to the IRS in the amount of $1539.00 to keep his
11 account in good standing with the IRS and to avoid collection."  (*Id.* ¶ 10.)
12      Plaintiff spoke with a manager at his local IRS office who "revie[we]d the file [] and
13 determined[:] (a) 2017 amended return was filed timely [and] (b) all of the expenses and
14 credits should have been allowed."  (*Id.* ¶ 12.)  The manager "contacted the supervisor of
15 the IRS office in Fresno where the decision was made, Plaintiff was promised a correction
16 to be made within couple of weeks, but until the day of filing this complaint, there is no
17 correction was ever made."  (*Id.*)  On June 29, 2022, Plaintiff sent the IRS a letter titled
18 "Appeal Request–Notice to Sue," where he stated his reasons for appealing the IRS'
19 decision on his amended return for the 2017 tax year.  (*Id.* ¶ 13; *see id.*, Ex. J at 42.)  The
20 IRS rejected Plaintiff's appeal on November 22, 2022.  (*Id.* ¶ 13; *see id.*, Ex. J at 42.)

## II. DISCUSSION

### A. Request for Extension of Time

Federal Rule of Civil Procedure 6(b) allows a court to extend, for good cause, a deadline after its expiration "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).  "This rule, like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'"  *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citations omitted).  "[T]he determination of whether neglect is excusable is an equitable

one that depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) ("*Pioneer* factors"). The same factors apply in assessing "excusable neglect" under Rules 60(b) and 6(b). *See Pioneer*, 507 U.S. at 392–93.

Plaintiff filed the instant Motion on December 18, 2024—three months after the October 11, 2024 deadline to file his amended complaint. (Doc. 3 at 7). (*See* Doc. 5.) In his Motion, Plaintiff explains that he did not receive the Court's order due to possible mail loss, leading him to miss the deadline to amend his Complaint. (Doc. 5 ¶ 4.) He alleges that he moved to a new address on November 4, 2024 and had access to his address on record until the end of November 2024. (*Id*. ¶ 3.) Although the Court issued its Dismissal Order almost two months prior to Plaintiff's change of address, Plaintiff claims that the mailbox at his previous address was "unsecured and [he] notice[d] loss of some of [his] mail." (*Id.* ¶ 4.) Plaintiff was informed of the Court's ruling on December 17, 2024, upon filing a Notice of Change of Address with the Court (*see* Doc. 4) and proceeded to file the instant Motion the next day. (Doc. 5 at ¶ 5.)

Applying the *Pioneer* factors, the Court finds that Plaintiff's failure to comply with the Dismissal Order and timely amend his complaint constituted excusable neglect meriting relief. There is no indication that Plaintiff's request for an extension of time in which to amend his Complaint was done willfully or in bad faith. While delay may be prejudicial to a defendant, the delay in this case is not great. *Ahanchian*, 624 F.3d at 1260 ("Critically, the record is devoid of any indication either that [Plaintiff] acted in bad faith or that an extension of time would prejudice defendants.").

Given Plaintiff's *pro se* status, and good cause appearing, Plaintiff's Motion is **GRANTED**. The FAC, filed on January 9, 2025 (Doc. 6), is therefore deemed timely filed. Plaintiff is cautioned that the Court will not entertain any further untimely filings and will

strike or otherwise reject any future filings that fail to comply with the Local Rules,[4] this Court's Civil Chamber Rules,[5] and the Federal Rules.[6]

### B. Screening under 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory, *sua sponte* review and dismissal by the Court if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

In addition, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature

---

[4] The United States District Court for the Southern District of California's Civil Local Rules are available at https://www.casd.uscourts.gov/_assets/pdf/rules/2025.01.02%20Local%20Rules.pdf.

[5] This Court's Civil Chamber Rules are available at https://www.casd.uscourts.gov/judges/montenegro/docs/Montenegro%20Civil%20Chamber%20Rules.pdf.

[6] The Federal Rules of Civil Procedure are available at https://www.uscourts.gov/file/78323/download.

and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

### 1. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a sovereign, the federal government "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087–88 (9th Cir. 2007) (quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985)). In the absence of a waiver, federal courts lack subject matter jurisdiction over suits against the federal government and the action must be dismissed. *See Dunn & Black*, 492 F.3d at 1088.

"[W]aivers often take the form of statutory consent to a cause of action against the United States." *Tait v. Internal Revenue Serv.*, No. 16-CV-01270-JSC, 2016 WL 3683008, at *3 (N.D. Cal. July 12, 2016) (citation omitted). "To confer subject matter jurisdiction in an action against a sovereign, in addition to a waiver of sovereign immunity, there must be statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). "[T]he statute in question must be strictly construed in favor of the sovereign and may not be enlarged beyond the waiver its language expressly requires." *Miller v. United States*, 66 F.3d 220, 222–23 (9th Cir.1995). As the party asserting federal subject matter jurisdiction, Plaintiff bears the burden of establishing its existence. *Kokkonen*, 511 U.S. at 377.

Plaintiff asserts a single cause of action for civil damages pursuant to 26 U.S.C. § 7433 based on alleged violations of two IRC provisions.[7] As relevant here, the Taxpayer

---

[7] Plaintiff also asserts violations of "26 USC Part VI" and the "Taxpayer['s] Bill of Rights" as bases for his § 7433 claim. (FAC at 2.) However, Part VI refers to numerous provisions, including Sections 161 and 162, and is therefore not a proper basis for a claim. The Court

Bill of Rights, 26 U.S.C. § 7433, contains a limited waiver of the federal government's sovereign immunity. The Taxpayer Bill of Rights allows a taxpayer to sue the federal government in district court for damages "if, in connection with any collection of Federal tax, any [IRS] officer or employee" negligently, recklessly, or intentionally disregards any IRC provision or regulation. 26 U.S.C. § 7433(a). However, § 7433's waiver to the federal government's sovereign immunity is strictly limited to claims arising from conduct in connection with the collection of federal taxes. *See Allied/Royal Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999) ("[S]ection 7433's limited waiver to the government's sovereign immunity must be read narrowly."). A taxpayer cannot seek damages under § 7433 for the assessment or determination of tax liability, even if improper, because it "is not an act of collection and therefore not actionable . . . ." *Tekle v. United States*, No. CV 01-11096 RSWL EX, 2002 WL 1988178, at *5 (C.D. Cal. Apr. 30, 2002), *aff'd*, 58 F. App'x 768 (9th Cir. 2003) (citing *Miller*, 66 F.3d at 222).

Here, Plaintiff's allegations describe improper assessment and determination of tax, rather than improper collection activities. In the FAC, Plaintiff alleges that the IRS calculated an outstanding balance of $2,234.04 for the 2017 tax year because it "disallowed [his] genuine deduction." (FAC ¶¶ 8–9; *see also* FAC, Ex. J at 42 ("The IRS *wrongfully calculated* my 2017 return and left me with Liability of $2,234.04 . . . .") (emphasis added).) Plaintiff then alleges that the IRS withheld his previously issued refunds from 2016 through 2018 and applied them to this "newly calculated" balance. (*Id.* ¶ 9.)

While Plaintiff alleges that such conduct violated Sections 161 and 162 of the IRC, these provisions do not implicate collection procedures. *See Tekle*, 2002 WL 1988178, at *5 ("Collection actions include notice and demand for payment and filing of notice of tax lien.") (citing *Miller*, 66 F.3d at 222). Sections 161 and 162 merely define itemized tax deductions used to reduce the calculation of an individual's taxable income on which tax

---

also notes that the Taxpayer's Bill of Rights is the equivalent of 26 U.S.C. § 7433 and cannot serve as a basis to Plaintiff's claim.

liability is assessed. *See* 26 U.S.C. § 161 ("*In computing* taxable income under section 63, there shall be allowed as deductions the items specified in [Part VI] . . . .") (emphasis added); 26 U.S.C. § 162 (allowing deductions for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."). Indeed, Plaintiff states that he "*avoid[ed] collection*" by issuing a payment to the IRS "to keep his account in good standing." (FAC ¶ 10 (emphasis added).)

Because Plaintiff challenges conduct in connection with the *assessment* of taxes, not *collection* practices, "the United States has not waived its sovereign immunity and such a claim is not actionable." *Miller*, 66 F.3d at 22 (emphasis added); *see, e.g.*, *Whitton v. United States*, No. 3:14-CV-197-CAB-DHB, 2014 WL 5033056, at *2 n.3 (E.D. Cal. Sept. 9, 2014) (dismissing complaint for lack of subject matter jurisdiction where "the gravamen [was] that the IRS assessed more taxes than [the plaintiff] actually owed and negligently refused to reconsider its assessment based on [the plaintiff's] amended return."). Plaintiff therefore fails to present any grounds for the Court's jurisdiction over his § 7433 claim. *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; [it] must always be affirmatively alleged.") (citations omitted). Accordingly, the FAC is **DISMISSED** for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief.").

### 2. Failure to State a Claim

Although Plaintiff has failed to demonstrate that this Court has subject matter jurisdiction over his sole claim, the Court will additionally address the sufficiency of Plaintiff's FAC. This Court previously determined that Plaintiff failed to state a claim under § 7433 when Plaintiff did not identify a specific code provision or regulation that the IRS violated. (Doc. 3 at 6–7.) Plaintiff has attempted to cure this deficiency by alleging that these same facts constitute a violation of IRC §§ 161, 162. Assuming the FAC seeks relief for another alleged wrong, the Court finds it nonetheless must be dismissed for failure

to state a claim under § 7433. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (cleaned up).

### a. 26 U.S.C. § 7433

Under Federal Rule of Civil Procedure 8, a pleading must include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"To state a claim under § 7433, a plaintiff must allege that the IRS violated an Internal Revenue Code provision or a Treasury Regulations" in connection with any tax collection. *Scharringhausen v. United States*, 686 F. Supp. 2d 1069, 1073 (S.D. Cal. 2009) (citing *Shwarz*, 234 F.3d at 433–34). Assessment and collection are distinct claims. "[T]o prove a claim for improper assessment, a taxpayer must demonstrate why no taxes are owed, but to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets." *Whitton*, 2014 WL 5033056, at *2 (internal quotation marks omitted) (citing *Shaw*, 20 F.3d at 184). "Collection actions include notice and demand for payment and filing of notice of tax lien." *Tekle*, 2002 WL 1988178, at *5 (citing *Miller*, 66 F.3d at 222).

In this case, Plaintiff appears to allege that the IRS engaged in a collection activity when it "withheld" taxes allegedly subject to refund. (FAC ¶ 9.) However, the FAC lacks sufficient factual allegations from which the Court can infer any conduct by the IRS was unauthorized or unlawful under IRC. On June 7, 2021, the IRS sent Plaintiff a second

notice of a balance due.[8] (FAC, Ex. G at 36.) The notice states that the IRS had "recently contacted [Plaintiff] about [his] past due 2017 taxes," totaling $2,234.04, and warns Plaintiff that he must pay this balance by June 17, 2021 "to stop further penalties and interest." (*Id.*) As such, this IRS notice plausibly supports a finding that he received "notice and demand for payment" consistent with a collection action. *See Tekle*, 2002 WL 1988178, at *5.

Yet, Plaintiff does not allege a deficiency in the IRS' collection procedure. Nor does the FAC support a reasonable inference that the IRS failed to follow any prescribed methods of acquiring assets under the IRC or that the IRS acted with intentional or reckless disregard of such provisions. As discussed *supra*, Plaintiff only alleges a violation of the IRC as to the assessment of his tax liability, not tax collection activities. Thus, even liberally construing the FAC, the Court finds that Plaintiff fails to plausibly allege an unauthorized collection action to state a § 7433 claim. *See Miller*, 66 F.3d at 223 ("[A] taxpayer cannot seek damages under § 7433 for improper assessment of taxes.") (quoting *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994)).

### b. Improper Defendant

Additionally, § 7433 limits relief against the IRS in that a "taxpayer may bring a civil action for damages against the *United States* in a district court of the United States." 26 U.S.C. § 7433(a) (emphasis added). Since this action must be brought against the United States, the IRS is not an "entit[y] subject to suit." *Krouse v. U.S. Gov't Treasury Dep't IRS*, 380 F. Supp. 219, 221 (C.D. Cal. 1974) (citing *Blackmar v. Guerre*, 342 U.S. 512, (1952)); *see Tekle*, 2002 WL 1988178, at *5. As the IRS is an improper defendant, it is therefore **DISMISSED** from this action. If Plaintiff chooses to file an amended complaint, he must name a proper defendant.

---

[8] The Court notes that Plaintiff did not attach the first IRS notice of a balance as an exhibit to the FAC.

### III. CONCLUSION

Based on the foregoing considerations, Plaintiff's Motion (Doc. 5) is **GRANTED** and Plaintiff's FAC (Doc. 6) is **DISMISSED** pursuant to § 1915(e)(2) for lack of subject matter jurisdiction and for failure to state a claim.

While the Court has concerns regarding the viability of Plaintiff's § 7433 claim based on the identified deficiencies, the Court grants Plaintiff a second opportunity to amend his FAC in accordance with the above. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)). Any second amended complaint must be filed on or before **June 13, 2025**. Should Plaintiff fail to respond adequately by the deadline set forth in this Order, the Court will enter a final order dismissing this action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

DATE: May 13, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE